UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UTICA MUTUAL INSURANCE COMPANY,  :
:
          Plaintiff,            :        **COMPLAINT**
:
          -against-         :        No. 6:12-CV-0196 (LEK/ATB)
:
MUNICH REINSURANCE AMERICA, INC.,  :
:
          Defendant.       :
----------------------------------------------------------X

Plaintiff, Utica Mutual Insurance Company ("Utica"), by its attorneys, as and for its Complaint against Defendant, Munich Reinsurance America, Inc. ("Munich Re"), alleges:

## THE PARTIES

1. At all relevant times, Utica was and still is a corporation organized and existing under and the laws of the State of New York with its principal place of business at 180 Genesee Street, New Hartford, New York.

2. Upon information and belief, Munich Re is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 555 College Road, E. Princeton, New Jersey 08540.

## JURISDICTION AND VENUE

3. This is an action for breach of contract and for declaratory judgment pursuant to 28 U.S.C. § 2201; an actual controversy between the parties exists regarding their respective rights and obligations under a contract of reinsurance.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs, and Utica and Munich Re are citizens of different States.

5. This Court has personal jurisdiction over Munich Re because, upon information and belief, Munich Re is licensed by the New York State Department of Financial Services to do business in New York, and Munich Re conducts business in New York.

6. Venue is proper under 28 U.S.C. § 1391, as this is a diversity action, Utica resides in this district, a substantial part of the events giving rise to this Complaint occurred in this district and, based on information and belief, Munich Re is conducting business in this district.

## BACKGROUND

### The Goulds Policies

7. Utica provided liability insurance coverage to Goulds Pumps, Inc. ("Goulds"), a New York corporation, pursuant to various policies of insurance.

8. Utica provided primary insurance coverage to Goulds pursuant to various policies of insurance, including coverage commencing on July 1, 1973.

9. Utica provided umbrella insurance coverage to Goulds pursuant to various policies of insurance, including coverage commencing on July 1, 1973.

### The Munich Re Certificate

10. Utica and American Re-Insurance Company ("American Re") entered into a reinsurance agreement that reinsured the 1973 Goulds umbrella policy (the "Certificate"). A copy of the Certificate provided by Munich Re is attached as Exhibit 1.

11. Munich Re is the successor to American Re or is otherwise responsible for American Re's obligations owed to Utica under the Certificate.

### The Goulds Claims

12. Tens of thousands of individuals have asserted, and continue to assert, claims against Goulds alleging injury from exposure to asbestos (the "Underlying Claims").

13. Goulds has sought, and continues to seek, coverage for the Underlying Claims under the various insurance policies issued by Utica.

14. Utica adjusted and made certain payments to resolve the Underlying Claims and paid certain expenses for the defense of the Underlying Claims. Utica made these payments under the Goulds policies, in good faith, including the 1973 Goulds umbrella policy reinsured by Munich Re.

### Utica's Outstanding Billings Under the Munich Re Certificate

15. Utica's outstanding billings submitted to Munich Re, through August 31, 2011, total $3,283,304.55.

16. Utica will continue to bill Munich Re for additional amounts owed under the Certificate based on additional payments by Utica in connection with the Underlying Claims.

17. Utica has provided all of the material information requested by Munich Re with respect to the Underlying Claims and the billings.

18. Utica has also responded to Munich Re's inquiries about the Underlying Claims and the billings and provided all material documents and data requested by Munich Re.

19. Utica has followed up with Munich Re multiple times to determine the status of payment of the reinsurance billings.

20. Munich Re has ignored, and continues to ignore, its obligations under the Certificate to pay Utica's outstanding billings.

21. Under the Certificate, Munich Re owes Utica a duty of utmost good faith.

22. Munich Re has failed to pay the outstanding amount of $3,283,304.55 owed under the Certificate, for billings through August 31, 2011. As a result, Munich Re has breached the Certificate, including by violating its duty of utmost good faith owed to Utica.

## COUNT I (BREACH OF CONTRACT)

23. Utica repeats and realleges the allegations in the preceding paragraphs.

24. Utica has satisfied all of the applicable terms, conditions, and other requirements under the Certificate and, alternatively, compliance with the applicable terms, conditions, and other requirements, in whole or in part, has been waived or compliance is unnecessary for other reasons.

25. Pursuant to the Certificate, Munich Re is obligated pay Utica $3,283,304.55, for billings through August 31, 2011, but Munich Re has failed to make such payment.

26. Munich Re has breached the Certificate by failing to pay the outstanding billings and by its handling of Utica's reinsurance claim, including violating its duty of utmost good faith owed to Utica.

27. Because of Munich Re's breach, Utica has sustained damages in the amount of $3,283,304.55, and Utica's damages are expected to increase in the future.

28. By reason of the foregoing, Utica demands judgment against Munich Re in the sum of $3,283,304.55 and, in addition, demands pre-judgment and post-judgment interest and also seeks attorneys' fees and costs.

## COUNT II (DECLARATORY JUDGMENT)

29. Utica repeats and realleges the allegations in the preceding paragraphs.

30. Utica will continue to make payments related to the Underlying Claims that will be subject to reimbursement by Munich Re under the Certificate and, accordingly, Utica will submit additional billings to Munich Re.

31. Munich Re has breached its contractual obligations under the Certificate by refusing to pay Utica's outstanding billings, including violating its duty of utmost good faith

owed to Utica. Based on Munich Re's conduct to date, Utica expects Munich Re to continue to breach its obligations under the Certificate with respect to future billings.

32. Based on Munich Re's improper actions and inactions to date, which Utica expects will continue, there is an actual and justiciable controversy between Utica and Munich Re regarding the parties' rights and obligations under the Certificate.

33. By reason of the foregoing, Utica is entitled to a judgment of the parties' rights and obligations under the Certificate, including a declaration that Munich Re is obligated to pay Utica's future billings with respect to additional payments by Utica under the umbrella policy reinsured under the Certificate.

WHEREFORE, Utica requests that the Court enter judgment as follows:

1. In favor of Utica against Munich Re in the sum of $3,283,304.55 for amounts billed to Munich Re through August 31, 2011;

2. Declaring that Munich Re is obligated to pay future billings by Utica for its portion of Utica's payments under the umbrella policies reinsured under the Certificate; and

3. Awarding pre-judgment and post-judgment interest, attorneys' fees, costs, and such other and further relief as the Court deems just and proper.

Dated: New York, New York  
January 27, 2012

HUNTON & WILLIAMS LLP

/s/ Joseph J. Saltarelli  
Joseph J. Saltarelli  
(N.D.N.Y Bar No. 103265)  
200 Park Avenue, 52nd Floor  
New York, New York 10166  
Tel: (212) 309-1000  
jsaltarelli@hunton.com

Walter J. Andrews (to be admitted *pro hac vice*)
Syed S. Ahmad (to be admitted *pro hac vice*)
Patrick M. McDermott (to be admitted *pro hac vice*)
1751 Pinnacle Drive
Suite 1700
McLean, Virginia 22102
Tel: (703) 714-7400
wandrews@hunton.com
sahmad@hunton.com
mcdermottp@hunton.com

Attorneys for Plaintiff
Utica Mutual Insurance Company