UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UTICA MUTUAL INSURANCE COMPANY,          :
                                          :     **ANSWER**
                           Plaintiff,     :
                                          :     No. 6:12-CV-0196 (LEK/ATB)
            - against -                   :
                                          :
MUNICH REINSURANCE AMERICA, INC.,         :
                                          :
                           Defendant.     :
------------------------------------------------------------X

Defendant, Munich Reinsurance America, Inc. ("Munich Re"), by and through its attorneys RUBIN, FIORELLA & FRIEDMAN LLP, as and for its Answer to the Complaint of the Plaintiff Utica Mutual Insurance Company ("Utica"), responds as follows.

## THE PARTIES

1. Munich Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraph "1" of the Complaint.

2. Munich Re admits the allegations contained at paragraph "2" of the Complaint.

## JURISDICTION AND VENUE

3. Munich Re admits that Plaintiff alleges at paragraph "3" of its Complaint that this is an action for breach of contract and for declaratory judgment and that an actual controversy between the parties exists regarding their respective rights and obligations under a contract of reinsurance. Answering further, Munich Re refers all questions of law to the Court for determination.

4. Munich Re admits that Plaintiff alleges that this Court has subject matter jurisdiction. Answering further, Munich Re refers all questions of law to the Court for determination.

5. If so, Munich Re admits that it is licensed by the New York State Department of Financial Services to do business in New York, and that Munich Re conducts business in New York. Answering further, Munich Re refers all questions of law to the Court for determination.

6. Munich Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraph "6" of the Complaint.

## BACKGROUND

### The Goulds Policies

7. Munich Re admits the allegation contained at paragraph "7" of the Complaint that Utica issued liability insurance policies to Goulds. Answering further, Munich Re refers the Court to the policies of insurance themselves for a complete recitation of their terms and conditions regarding coverage.

8. Munich Re admits the allegation contained at paragraph "8" of the Complaint that Utica issued primary insurance policies to Goulds. Answering further, Munich Re refers the Court to the policies of insurance themselves for a complete recitation of their terms and conditions regarding coverage.

9. Munich Re admits the allegation contained at paragraph "9" of the Complaint that Utica issued umbrella insurance policies to Goulds. Answering further, Munich Re refers the Court to the policies of insurance themselves for a complete recitation of their terms and conditions regarding coverage.

**The Munich Re Certificate**

10. Munich Re admits that Utica and American Re-Insurance Company ("American Re") entered into a reinsurance agreement that reinsured the 1973 Goulds umbrella policy (the "Certificate"). Answering further, the Certificate attached as Exhibit 1 to a copy of the Complaint is the Certificate issued by American Re.

11. Munich Re admits the allegation contained at paragraph "11" of the Complaint that it is the successor to American Re, but denies that American Re owes obligations to Utica under the Certificate.

**The Goulds Claims**

12. Munich Re denies knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraph "12" of the Complaint.

13. Munich Re admits the allegation contained at paragraph "13" of the Complaint that Goulds has sought coverage under various insurance policies issued by Utica. Answering further, Munich Re denies knowledge and information sufficient to form a belief as to whether Goulds continues to seek coverage under those policies.

14. Munich Re admits the allegation contained at paragraph "14" of the Complaint that Utica adjusted and made certain payments to resolve underlying claims and paid certain expenses for the defense of underlying claims. Answering further, Munich Re denies knowledge or information sufficient to form a belief as to whether these payments, including the payments made under the 1973 Goulds umbrella policy reinsured by Munich Re, were made in good faith.

### Utica's Outstanding Billings Under the Munich Re Certificate

15. Munich Re admits the allegation contained at paragraph "15" of the Complaint that Utica's outstanding billings submitted to Munich Re through August 31, 2011 total $3,283,304.55.

16. Munich Re denies knowledge or information sufficient to form a belief as to the truth of the allegation contained at paragraph "16" of the Complaint that Utica will continue to bill Munich Re for additional amounts based on additional payments made by Utica in connection with the underlying claims. Answering further, Munich Re denies that it owes any additional amounts to Utica under the Certificate.

17. Munich Re denies the allegations contained at paragraph "17" of the Complaint.

18. Munich Re denies the allegations contained at paragraph "18" of the Complaint.

19. Munich Re admits the allegation contained at paragraph "19" of the Complaint that the parties have exchanged correspondence and have communicated with one another regarding the status of payment of the reinsurance billings.

20. Munich Re denies the allegations contained at paragraph "20" of the Complaint.

21. Paragraph "21" of the Complaint does not contain a factual allegation. Munich Re refers all questions of law to the Court for determination.

22. Munich Re denies the allegations contained at paragraph "22" of the Complaint.

### COUNT I (BREACH OF CONTRACT)

23. Munich Re repeats, reiterates and realleges each and every response hereinabove set forth at paragraphs "1" through "22" as if the same had been fully set forth herein at length.

24. Munich Re denies the allegations contained at paragraph "24" of the Complaint.

25. Munich Re denies the allegations contained at paragraph "25" of the Complaint.

26. Munich Re denies the allegations contained at paragraph "26" of the Complaint.

27. Munich Re denies the allegations contained at paragraph "27" of the Complaint.

28. Munich Re denies the allegation contained at paragraph "28" of the Complaint that Utica is entitled to judgment against Munich Re and further denies that Utica is entitled to any relief.

## COUNT II (DECLARATORY JUDGMENT)

29. Munich Re repeats, reiterates and realleges each and every response hereinabove set forth at paragraphs "1" through "22" and "24" through "28" as if the same had been set forth herein at length.

30. Munich Re denies knowledge or information sufficient to form a belief as to the truth of the allegation contained at paragraph "30" of the Complaint that Utica will continue to make payments and will submit additional billings to Munich Re in respect of those payments. Answering further, Munich Re denies that any continuing payments are properly billable to Munich Re or that Munich Re has any obligation to indemnify Utica in respect of such payments.

31. Munich Re denies the allegations contained at paragraph "31" of the Complaint.

32. Munich Re denies the allegations contained at paragraph "32" of the Complaint.

33. Munich Re denies the allegations contained at paragraph "33" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

34. The Complaint fails to state a claim upon which relief can be based.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

35. Munich Re has fully performed all of its proper obligations under the Certificate.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

36. Munich Re's liability for loss and expense combined is capped at the limit or amount of the reinsurance accepted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

37. The limit of liability of Utica's 1973 umbrella policy issued to Goulds is eroded by the payment of both loss and expense.

38. Any and all payments that Utica has made, has agreed to make, or will make under the 1973 umbrella policy issued to Goulds which are or will be in excess of the stated limit of that policy are not, and would not be, within Utica's contractual or legal liability under that policy.

39. Any and all expense payments that Utica has made under the 1973 umbrella policy issued to Goulds which do not erode the limits of that policy and/or which have not been applied against those limits are not, and would not be, within Utica's contractual or legal liability under that policy.

40. Payments that are not within Utica's contractual or legal liability under the 1973 umbrella policy issued to Goulds are not covered by Munich Re's Certificate.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41. There has been a failure of consideration by Utica to Munich Re.

**WHEREFORE**, Munich Reinsurance America, Inc. requests that the Court enter judgment as follows:

1. Dismissing the Complaint of the Plaintiff with prejudice;

2. Declaring that Munich Re has no obligation to pay any current or future billings by Utica applicable to the 1973 umbrella policy issued to Goulds;

3. Awarding Munich Re its costs and expenses, including reasonable attorneys' fees, incurred in connection with being required to defend this action, and

4. Granting Munich Re such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 1, 2012

RUBIN, FIORELLA & FRIEDMAN LLP

By: /s/ James E. Mercante

James E. Mercante
(Northern District Bar No. 513569)
Bruce M. Friedman (To be admitted *pro hac vice*)
Attorneys for Defendant
Munich Reinsurance America, Inc.
292 Madison Avenue, 11th Floor
New York, New York 10017
Tele: (212) 953-2381
Email: bfriedman@rubinfiorella.com