UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UTICA MUTUAL INSURANCE COMPANY,

                              Plaintiff,          12-CV-00196 (BKS/ATB)

        v.

MUNICH REINSURANCE AMERICA, INC.,

                              Defendant.
------------------------------------------------------------X

------------------------------------------------------------X

MUNICH REINSURANCE AMERICA, INC.,

                              Plaintiff,          13-CV-00743 (BKS/ATB)

        v.

UTICA MUTUAL INSURANCE COMPANY

                              Defendant.
------------------------------------------------------------X

## DECLARATION OF CRYSTAL MONAHAN IN SUPPORT OF MUNICH REINSURANCE AMERICA, INC.'S MOTIONS FOR SUMMARY JUDGMENT

Crystal Monahan, hereby declares:

1.      I am an associate at Rubin, Fiorella & Friedman LLP and am one of the lawyers representing Munich Reinsurance America, Inc. ("MRAm") in the above-captioned actions. I am one of the attorneys in the firm having day-to-day responsibility for the handling of the matter.

1

2. The statements in this declaration are true based on personal knowledge, and on information and belief based on the review of relevant documents. If called upon to do so, I would testify to the matters stated in this declaration.

3. It is my understanding that some of the documents appended hereto are considered by Utica Mutual Insurance Company ("Utica") to be "Confidential Information," as that term is defined under the stipulated Protective Orders regarding Confidential Items and Information (12-cv-0196, Docket No. 21 §1.H; 13-cv-0743, Docket No. 36 §1.H), so ordered by this Court on November 29, 2012 and August 29, 2014, and, pursuant to this Order, each of those documents will be withheld, and discussion thereof redacted, from the version of the MRAm's motion papers that will be publicly filed by ECF.

4. I respectfully submit this declaration in support of MRAm's Motions for Summary Judgment.

5. Attached as Exhibit A to this Declaration is a true and correct copy of the Complaint that Utica filed in the above-captioned matter, 12-cv-0196.

6. Attached as Exhibit B to this Declaration is a true and correct copy of the Answer to the Complaint that MRAm filed in the above-captioned matter, 12-cv-0196.

7. Attached as Exhibit C to this Declaration is a true and correct copy of the Complaint that MRAm filed in connection with the above-captioned matter, 13-cv-0743. The Complaint was originally filed in the United States District Court Southern District of New York but was subsequently transferred to this Court.

8. Attached as Exhibit D to this Declaration is a true and correct copy of the Answer and Counterclaim that Utica filed in connection with the above-captioned matter, 13-cv-0743.

The Answer and Counterclaim was originally filed in the United States District Court Southern District of New York but was subsequently transferred to this Court.

9.     Attached as Exhibit E to this Declaration is a true and correct copy of the Answer to Counterclaim that MRAm filed in connection with the above-captioned matter, 13-cv-0743. The Answer to Counterclaim was originally filed in the United States District Court Southern District of New York but was subsequently transferred to this Court.

10.     Attached as Exhibit F to this Declaration is a true and correct copy of a Utica/Goulds Pumps, Inc. ("Goulds") coverage chart, as produced by Utica in the above-captioned litigations.

11.     Attached as Exhibit G to this Declaration is a true and correct copy of the MRAm facultative certificate number X1003284, issued to Utica, effective September 19, 1974, as produced by MRAm with redactions in the above-captioned litigations.

12.     Attached as Exhibit H to this Declaration is a true and correct copy of the MRAm facultative certificate number X1532705, issued to Utica, effective January 1, 1977, as produced by MRAm with redactions in the above-captioned litigations.

13.     Attached as Exhibit I to this Declaration is a true and correct copy of a grouping of documents providing evidence and terms and conditions of a primary policy issued by Utica to Goulds, effective January 1, 1977, as produced by Utica in the above-captioned litigations.

14.     Attached as Exhibit J to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from William Savino on March 31, 2016.

15.     Attached as Exhibit K to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Stephen J. Smirti, Jr. on April 18, 2016.

3

16.    Attached as Exhibit L to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Bernard Turi on March 4, 2016.  Attached as L(a) to this Declaration is a true and correct copy of the errata sheet for Bernard Turi's March 4, 2016, deposition.

17.    Attached as Exhibit M to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Ronald Robinson on April 14, 2016.  Attached as Exhibit M(a) to this Declaration is a true and correct copy of the errata sheet for Ronald Robinson's April 14, 2016, deposition.

18.    Attached as Exhibit N to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Kristen Martin on March 3, 2016.  Attached as N(a) to this Declaration is a true and correct copy of the errata sheet for Kristen Martin's March 3, 2016, deposition.

19.    Attached as Exhibit O to this Declaration is a true and correct copy of a grouping of documents providing secondary evidence of the terms and conditions of the umbrella policy issued by Utica to Goulds, effective July 1, 1973, as produced by Utica in the above-captioned litigations.

20.    Attached as Exhibit P to this Declaration is a true and correct copy of a grouping of documents providing secondary evidence of the terms and conditions of the umbrella policy issued by Utica to Goulds, effective July 1, 1974, as produced by Utica in the above-captioned litigations.

21.    Attached as Exhibit Q to this Declaration is a true and correct copy of a Certification of Records Custodian, executed by Gerald Konkel of Morgan, Lewis & Bockius

LLP ("Morgan Lewis") on June 17, 2016, in connection with a March 17, 2016 subpoena served by MRAm on Morgan Lewis.

22.     Attached as Exhibit R to this Declaration is a true and correct copy of a letter, dated September 13, 2001, with attachment, from Douglas Lawrence of ITT to Samuel Glover of Utica, as produced by Utica in the above-captioned litigations.

23.     Attached as Exhibit S to this Declaration is a true and correct copy of a grouping of umbrella policy underwriting materials bearing a "GPA" bates label, as produced by Morgan Lewis to MRAm in connection with a March 17, 2016 subpoena served by MRAm on Morgan Lewis.

24.     Attached as Exhibit T to this Declaration is a true and correct copy of a grouping of umbrella policy materials bearing a "GPA" bates label, as produced by Utica in the above-captioned litigations.

25.     Attached as Exhibit U to this Declaration is a true and correct copy of a letter, dated June 13, 1973, from Utica to American Reinsurance Corp. (n/k/a MRAm), as produced by MRAm in the above-captioned litigations.

26.     Attached as Exhibit V to this Declaration is a true and correct copy of a letter, dated May 15, 1969, from Utica to Goulds, bearing a "GPA" bates label, as produced by Morgan Lewis to MRAm in connection with a March 17, 2016 subpoena served by MRAm on Morgan Lewis.

27.     Attached as Exhibit W to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Andrew Maneval on June 10, 2016.

28.     Attached as Exhibit X to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Paul Feldsher on June 17, 2016.

29.     Exhibit Y to this Declaration is intentionally left blank.

30.     Attached as Exhibit Z to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from James A. Robertson on May 26, 2016.

31.     Attached as Exhibit AA to this Declaration is a true and correct copy of a letter, dated January 8, 2004, from Kristen Martin of Utica to Andrea C. Okura of Morgan Lewis at the firm's Los Angeles office, as produced by Utica in the above-captioned litigations.

32.     Attached as Exhibit AB to this Declaration is a true and correct copy of a letter, dated January 8, 2004, from Kristen Martin of Utica to Andrea C. Okura of Morgan Lewis at the firm's Los Angeles office, as produced by Morgan Lewis to MRAm in connection with a March 17, 2016 subpoena served by MRAm on Morgan Lewis.

33.     Attached as Exhibit AC to this Declaration is a true and correct copy of a letter, dated September 3, 2004, from Ronald Robinson of Berkes Crane Robinson & Seal LLP ("Berkes") to Gary Elkin, copied to Bernard Turi, Kristen Martin and Lydia Berez of Utica, as produced by Utica in the above-captioned litigations.

34.     Attached as Exhibit AD to this Declaration is a true and correct copy of an email chain, with the most recent email dated March 9, 2016, from counsel for Utica to counsel for MRAm in connection with the above-captioned litigations.

35.     Attached as Exhibit AE to this Declaration is a true and correct copy of an email, dated December 1, 2005, from Bernard Turi to Kristen Martin of Utica, as produced by Utica in the above-captioned litigations.

36.     Attached as Exhibit AF to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Robert Aurigema on May 19, 2016.

37.     Attached as Exhibit AG to this Declaration is a true and correct copy of an email, dated May 3, 2016, with attachments, from Stefanie Walterick of Resolute to Richard Hill of MRAm, as produced by Utica in the above-captioned litigations.

38.     Attached as Exhibit AH to this Declaration is a true and correct copy of an email, dated December 7, 2007, with attachments, from Kristen Martin of Utica to Thomas Miller of MRAm, as produced by MRAm in the above-captioned litigations.

39.     Attached as Exhibit AI to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Thomas Miller on March 24, 2016.

40.     Attached as Exhibit AJ to this Declaration is a true and correct copy of an internal MRAm Memo to File Note, dated December 19, 2007, as produced by MRAm in the above-captioned litigations.

41.     Attached as Exhibit AK to this Declaration is a true and correct copy of an email, dated August 17, 2011, from Richard Hill of MRAm to Michael Evolo of Utica, as produced by MRAm in the above-captioned litigations.

42.     Attached as Exhibit AL to this Declaration is a true and correct copy of excerpts of deposition testimony elicited from Marcia Schilling on March 9, 2010, in connection with the litigation styled *Cannon Electric Inc. v. Affiliated FM Ins.*, Superior Court of the State of California, County of Los Angeles, as produced by Utica in the above-captioned litigations.

43.     Attached as Exhibit AM to this Declaration is a true and correct copy of a MRAm 1976 General Conditions specimen, as produced by MRAm in the above-captioned litigations.

7

44.     Attached as Exhibit AN to this Declaration is a true and correct copy of an email chain from October 2011, with attachments, between Utica and MRAm, as produced by MRAm in the above-captioned litigations.

45.     Attached as Exhibit AO to this Declaration is a true and correct copy of an internal MRAm money transaction note, dated September 1, 2009, as produced by MRAm in the above-captioned litigations.

46.     Attached as Exhibit AP to this Declaration is a true and correct copy of a First Dollar Defense endorsement, dated October 1972, maintained in MRAm's files and not previously produced by either party. *See also* the accompanying affidavit of Thomas O'Kane at ¶4.

47.     Attached as Exhibit AQ to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Daniel J. Hammond, Utica's 30(b)(6) witness, on May 13, 2016.

48.     Attached as Exhibit AR to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Thomas O'Kane, MRAm's 30(b)(6) witness, on June 8, 2016.

49.     Attached as Exhibit AS to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Debra J. Roberts on May 25, 2016.

50.     Attached as Exhibit AT to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Robert Lippincott III on May 17, 2016.

51.     Attached as Exhibit AU to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from Mark S. Gurevitz on May 6, 2016.

8

52.    Attached as Exhibit AV to this Declaration is a true and correct copy of a transcript of deposition testimony elicited from George J. Biehl, Jr. on May 24, 2016.

53.    Attached as Exhibit AW to this Declaration is a true and correct copy of emails, dated in April 2016, with attachment, from Stefanie Walterick of Resolute to MRAm, as produced by Utica in the above-captioned litigations.

54.    Attached as Exhibit AX to this Declaration is a true and correct copy of Utica's Memorandum of Law in Opposition to Former ECRA Pool Members' Motion for Summary Judgment, filed in connection with the litigation styled *Utica Mut. Ins. Co. v. Abeille General Ins. Co.*, Index No.: CA2013-002320, in the Supreme Court of the State of New York, County of Oneida.

55.    Attached as Exhibit AY to this Declaration is a true and correct copy of R&Q's Petition To Confirm Arbitration Award, along with exhibits, as contained in the public court file, in *R&Q Reins. Co. v. Utica Mutual Ins. Co.*, 13-cv-08013 (S.D.N.Y. 2013).

56.    Attached as Exhibit AZ to this Declaration is a true and correct copy of Utica's Memorandum in Opposition To Petition To Confirm Arbitration Order, as contained in the public court file, filed in *R&Q Reins. Co. v. Utica Mutual Ins. Co.*, 13-cv-08013 (S.D.N.Y. 2013).

57.    Attached as Exhibit BA to this Declaration is a true and correct of a transcript of a Motion Hearing, held before the Honorable Andrew T. Baxter on September 3, 2014, and filed on September 9, 2014, in the litigation styled *Utica Mut. Ins. Co. v. Century Indem. Co.*, 13-cv-995 (N.D.N.Y. 2013).

58.     Attached as Exhibit BB to this Declaration is a true and correct copy of a Memorandum of Law in Support of Century Indem. Co.'s Amended Motion to Compel Production of Documents Concerning the R&Q Arbitration, publicly filed on July 21, 2014.

59.     Attached as Exhibit BC to this Declaration is a true and correct copy of Utica Mutual Insurance Company's Memorandum of Law in Opposition to Century Indem. Co.'s Amended Motion to Compel Production of Documents Concerning R&Q Arbitration, publicly filed on August 14, 2014.

60.     Attached as Exhibit BD to this Declaration is a true and correct copy of an email chain from 2015, between counsel for Utica and counsel for MRAm in connection with the above-captioned litigations.

61.     Attached as Exhibit BE to this Declaration is a true and correct copy of R&Q facultative certificates issued to Utica between the periods January 1, 1978 and January 1, 1983, as produced by R&Q to Utica in the R&Q/Utica Arbitration and as reproduced by Utica to MRAm in the above-captioned litigations.

62.     Attached as Exhibit BF to this Declaration is a true and correct copy of the Utica umbrella policy issued to Goulds, effective January 1, 1978, as produced in the R&Q/Utica Arbitration and reproduced by Utica to MRAm in the above-captioned litigations.

63.     Attached as Exhibit BG to this Declaration is a true and correct copy of the Utica umbrella policy issued to Goulds, effective January 1, 1979, as produced by Utica in the above-captioned litigations.

64.    Attached as Exhibit BH to this Declaration is a true and correct copy of the Utica umbrella policy issued to Goulds, effective January 1, 1980, as produced in the R&Q/Utica Arbitration and reproduced by Utica to MRAm in the above-captioned litigations.

65.    Attached as Exhibit BI to this Declaration is a true and correct copy of the Utica umbrella policy form issued to Goulds, effective January 1, 1981, as produced by Utica in the above-captioned litigations.

66.    Attached as Exhibit BJ to this Declaration is a true and correct copy of the Utica umbrella policy issued to Goulds, effective January 1, 1982, as produced in the R&Q/Utica Arbitration and reproduced by Utica to MRAm in the above-captioned litigations.

67.    Attached as Exhibit BK to this Declaration is a true and correct copy of a Hunton & Williams law firm profile as found on the firm's publicly available website.

68.    Attached as Exhibit BL to this Declaration is a true and correct copy of a Chadbourne & Parke law firm profile as found on the firm's publicly available website.

69.    Attached as Exhibit BM to this Declaration is a true and correct copy of ARIAS certified arbitrator profiles of Michael S. Wilder, Floyd H. Knowlton and Martin D. Haber, as found on ARIAS-US's publicly available website.

70.    Attached as Exhibit BN to this Declaration is the Position Statement of INA Reins. Co, n/k/a R&Q Reinsurance Company, submitted in connection with its Arbitration with Utica, and reproduced by Utica to MRAm in the above-captioned litigations.

71.    Attached as Exhibit BO to this Declaration is a true and correct copy of R&Q's First Request For Production of Documents in the Utica/R&Q Arbitration, as furnished in the Utica/R&Q Arbitration, and reproduced by Utica to MRAm in the above-captioned litigations.

11

72.     Attached as Exhibit BP to this Declaration is a true and correct copy of R&Q's Pre-Hearing Memorandum and Brief in Opposition to Summary Judgment, submitted in the Utica/R&Q Arbitration, and reproduced by Utica to MRAm in the above-captioned litigations.

73.     Attached as Exhibit BQ to this Declaration is a true and correct copy of a February 2008 email chain between Utica and Resolute, a claims handler on behalf of R&Q, as produced by R&Q in the Utica/R&Q Arbitration, and reproduced by Utica to MRAm in the above-captioned litigations.

74.     Attached as Exhibit BR to this Declaration is a true and correct copy of an email, dated April 17, 2008, from Casey Johnson of Resolute, a claims handler on behalf of R&Q, as produced by R&Q in the Utica/R&Q Arbitration, and reproduced by Utica to MRAm in the above-captioned litigations.

75.     Attached as Exhibit BS to this Declaration is a true and correct copy of an April 2008 email chain between Resolute, a claims handler on behalf of R&Q and Utica, as produced by R&Q in the Utica/R&Q Arbitration, and reproduced by Utica to MRAm in the above-captioned litigations.

76.     Attached as Exhibit BT to this Declaration is a true and correct copy of R&Q's Pre-Hearing Reply Memorandum submitted in the Utica/R&Q Arbitration, and reproduced by Utica to MRAm in the above-captioned litigations.

77.     Attached as Exhibit BU to this Declaration is a true and correct copy of R&Q's Post-Hearing Memorandum submitted in the Utica/R&Q Arbitration, and reproduced by Utica to MRAm in the above-captioned litigations.

78.    Attached as Exhibit BV to this Declaration is a true and correct copy of Utica's Post-Hearing Brief submitted in the Utica/R&Q Arbitration, and reproduced by Utica to MRAm in the above-captioned litigations.

79.    Attached as Exhibit BW to this Declaration is a true and correct copy of a spreadsheet as of December 22, 2005, as produced by Utica in the above-captioned litigations.

80.    Attached as Exhibit BX to this Declaration is a transcript of deposition testimony elicited from Thomas O'Kane on March 23, 2016.

81.    Attached as Exhibit BY to this Declaration is a transcript of deposition testimony elicited from Constance D. O'Mara on May 5, 2016.

82.    Attached as Exhibit BZ to this Declaration is a transcript of deposition testimony elicited from Daniel E. Schmidt on May 10, 2016.

83.    Attached as Exhibit 2 to this Declaration is a true and correct copy of the Defense and Indemnity Agreement, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 2 at the deposition of Kristen Martin on March 3, 2016.

84.    Attached as Exhibit 3 to this Declaration is a true and correct copy of the specimen form and declarations page of the Utica umbrella policy, effective July 1, 1973, as produced by Utica and MRAm in the above-captioned litigations, that was marked as Exhibit 3 at the deposition of Kristen Martin on March 3, 2016.

85.    Attached as Exhibit 4 to this Declaration is a true and correct copy of the MRAm facultative certificate number X0834540, issued to Utica, effective July 1, 1973, as produced by MRAm in the above-captioned litigations, that was marked as Exhibit 4 at the deposition of Kristen Martin on March 3, 2016.

86.     Attached as Exhibit 5 to this Declaration is a true and correct of a Utica endorsement, dated March 1, 1974, as produced by MRAm in the above-captioned litigations, that was marked as Exhibit 5 at the deposition of Kristen Martin on March 3, 2016.

87.     Attached as Exhibit 6 to this Declaration is a true and correct copy of correspondence, dated June 24 and June 25, 1974, between Goulds and Royce and Rosenkrans, Inc., as produced by Utica in the above-captioned litigations, that was marked as Exhibit 6 at the deposition of Kristen Martin on March 3, 2016.

88.     Attached as Exhibit 7 to this Declaration is a true and correct copy of a letter, dated April 17, 1975, from Aldrich & Cox to Royce and Rosenkrans, Inc., as produced by Utica in the above-captioned litigations, that was marked as Exhibit 7 at the deposition of Kristen Martin on March 3, 2016.

89.     Attached as Exhibit 8 to this Declaration is a true and correct copy of a February 28, 2003, letter from Samuel Glover of Utica to Craig Johnson of ITT/Goulds, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 8 at the deposition of Kristen Martin on March 3, 2016.

90.     Attached as Exhibit 10 to this Declaration is a true and correct copy of a letter with attachment, dated October 24, 1974, from Utica to the New York State Insurance Department, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 10 at the deposition of Kristen Martin on March 3, 2016.

91.     Attached as Exhibit 11 to this Declaration is a copy of an umbrella policy, effective September 1, 1975 to September 1, 1976, issued by Continental Casualty Company to Goulds, as produced in connection with *the Cannon v. Affiliated FM* litigation and as reproduced

by Utica in the above-captioned litigations, that was marked as Exhibit 11 at the deposition of Kristen Martin on March 3, 2016.

92.     Attached as Exhibit 12 to this Declaration is a true and correct copy of an internal Utica document, dated November 6, 1973, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 12 at the deposition of Kristen Martin on March 3, 2016.

93.     Attached as Exhibit 13 to this Declaration is a true and correct copy of a letter, dated November 29, 1973, from Utica to the Insurance Services Office, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 13 at the deposition of Kristen Martin on March 3, 2016.

94.     Attached as Exhibit 14 to this Declaration is a true and correct copy of an April 5, 2004, letter from Ronald R. Robinson of Berkes to Kristen Martin of Utica, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 14 at the deposition of Kristen Martin on March 3, 2016.

95.     Attached as Exhibit 15 to this Declaration is a true and correct copy of a letter, dated May 26, 2004, from Alicia Atik of Utica to Bernie Turi and Rick Beidleman of Utica, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 15 at the deposition of Kristen Martin on March 3, 2016.

96.     Attached as Exhibit 32 to this Declaration is a true and correct copy of a Confidential Mediation Statement of Utica, as produced by Utica in the above-captioned litigations with the handwritten interlineations made by Utica's counsel, that was marked as Exhibit 32 at the deposition of Kristen Martin on March 3, 2016.

97.    Attached as Exhibit 50 to this Declaration is a true and correct copy of an outline Confidential Mediation Statement of Utica, as produced by Utica with redactions and in the above-captioned litigations with the handwritten interlineations made by Utica's counsel, that was marked as Exhibit 50 at the deposition of Bernard Turi on March 4, 2016.

98.    Attached as Exhibit 51 to this Declaration is a true and correct copy of an outline Confidential Mediation Statement of Utica, as produced by Utica in the above-captioned litigations with the handwritten interlineations made by Utica's counsel, that was marked as Exhibit 51 at the deposition of Bernard Turi on March 4, 2016.

99.    Attached as Exhibit 57 to this Declaration is a true and correct copy of a publicly available court decision, *R&Q Reinsurance Co. v. Utica Mut. Ins. Co.*, 18 F.Supp.3d 389 (S.D.N.Y. 2014), that was marked as Exhibit 57 at the deposition of Bernard Turi on March 4, 2016.

100.    Attached as Exhibit 61 to this Declaration is a true and correct copy of a fax cover sheet, dated February 9, 2004, sent by Ron Robinson of Berkes to Samuel Glover and Kristen Martin of Utica, with attached letter and draft Defense & Indemnity Agreement from Michel Horton of Morgan Lewis to Ron Robinson of Berkes, as produced by Utica in the above-captioned litigations with the handwritten interlineations believed to be made by a Utica employee, that was marked as Exhibit 61 at the deposition of Bernard Turi on March 4, 2016.

101.    Attached as Exhibit 66 (at R-0019611-0019615) to this Declaration is a true and correct copy of Utica's Outline of Mediation Statement, dated November 30, 2005, as produced by Utica in the above-captioned litigations with the handwritten interlineations made by Utica's counsel, that was marked as Exhibit 66 at the deposition of Bernard Turi on March 4, 2016.

102.    Attached as Exhibit 67 to this Declaration is a true and correct copy of handwritten notes made by Utica's counsel, dated December 1, 2005, as produced by Utica to R&Q Re in the Utica/R&Q arbitration and reproduced by Utica to MRAm, that was marked as Exhibit 67 at the deposition of Bernard Turi on March 4, 2016.

103.    Attached as Exhibit 68 to this Declaration is a true and correct copy of a December 1, 2005 email chain between Utica employees including Bernard Turi, as produced by Utica with redactions in the above-captioned litigations, that was marked as Exhibit 68 at the deposition of Bernard Turi on March 4, 2016.

104.    Attached as Exhibit 71 to this Declaration is a true and correct copy of the Confidential Mediation Statement of Goulds Pumps, Inc. and ITT Industries, Inc., dated December 6, 2005, as produced by Utica in the above-captioned litigations with the handwritten interlineations made by Utica's counsel, that was marked as Exhibit 71 at the deposition of Bernard Turi on March 4, 2016.

105.    Attached as Exhibit 73 to this Declaration is a true and correct copy of handwritten notes of a Utica employee, dated December 13, 2005, as produced by Utica to R&Q Re in the Utica/R&Q arbitration and reproduced by Utica to MRAm, that was marked as Exhibit 73 at the deposition of Bernard Turi on March 4, 2016.

106.    Attached as Exhibit 83 to this Declaration is a true and correct copy of a discussion draft settlement agreement and an executed Term Sheet, as produced by Utica in the above-captioned litigations with the handwritten interlineations believed to be made by a Utica employee, that was marked as Exhibit 83 at the deposition of Bernard Turi on March 4, 2016.

107.    Attached as Exhibit 90 to this Declaration is a true and correct copy of a facultative certificate number X1532705 issued by MRAm to Utica, effective January 1, 1977, marked as Exhibit 90 for identification at the deposition of Leah Spivey on March 22, 2016, and not previously produced by either party.

108.    Attached as Exhibit 92 to this Declaration is a true and correct copy of secondary evidence of the terms and conditions of the Utica umbrella policy, effective January 1, 1977 to January 1, 1978, issued by Utica to Goulds, that was marked as Exhibit 92 for identification at the deposition of Leah Spivey on March 22, 2016, and not previously produced by either party.

109.    Attached as Exhibit 98 to this Declaration is a true and correct copy of an internal MRAm email, dated September 30, 2011, along with letter from Kristen Martin of Utica to MRAm attaching the Stipulation and Order and Defense and Indemnity Agreement, as produced by MRAm to Utica in the above-captioned litigations, that was marked as Exhibit 98 at the deposition of Leah Spivey on March 22, 2016.

110.    Attached as Exhibit 100 to this Declaration is a true and correct copy of secondary evidence of the terms and conditions of the umbrella policy, effective July 1, 1973 to July 1, 1974, issued by Utica to Goulds, that was marked as Exhibit 100 for identification at the deposition of Leah Spivey on March 22, 2016, and not previously produced by either party.

111.    Attached as Exhibit 110 to this Declaration is a true and correct copy of a letter, dated November 27, 2012, from MRAm to Utica, as produced by MRAm in the above-captioned litigations, that was marked as Exhibit 110 at the deposition of Leah Spivey on March 22, 2016.

112.    Attached as Exhibit 111 to this Declaration is a true and correct copy of an email chain between Utica and MRAm, dated in December 2011, with attachments, as produced by

Utica in the above-referenced litigations, that was marked as Exhibit 111 at the deposition of

Leah Spivey on March 22, 2016.

113.    Attached as Exhibit 113 to this Declaration is a true and correct copy of

document, typewritten by Utica to match verbatim the words on the General Conditions page of

the 1977 facultative certificate issued by MRAm to Utica, that was marked as Exhibit 113 for

identification at the deposition of Thomas O'Kane on March 23, 2016, and not previously

produced by either party.

114.    Attached as Exhibit 121 to this Declaration is a true and correct copy of an email

chain, dated August 2011, with attachment, as produced by Utica in the above-referenced

litigations, that was marked as Exhibit 121 at the deposition of Thomas O'Kane on March 23,

2016.

115.    Attached as Exhibit 125 to this Declaration is a true and correct copy of a

document, typewritten by Utica to match verbatim the words on the General Conditions page of

the 1973 facultative certificate issued by MRAm to Utica, that was marked as Exhibit 125 for

identification at the deposition at the deposition of Thomas O'Kane on March 23, 2016, and not

previously produced by either party.

116.    Attached as Exhibit 131 to this Declaration is a true and correct copy of an

internal MRAm Memo Re File note, dated March 19, 2004, as produced by MRAm in the above-

captioned litigations, that was marked as Exhibit 131 at the deposition of Thomas Miller on

March 24, 2016.

117.    Attached as Exhibit 154 to this Declaration is a true and correct copy of an email,

dated November 16, 2007, from Michael Evolo of Utica to Thomas Miller of MRAm, with

19

attachment, as produced by MRAm in the above-captioned litigations, that was marked as Exhibit 154 at the deposition of Thomas Miller on March 24, 2016.

118.    Attached as Exhibit 157 to this Declaration is a true and correct copy of an internal MRAm Memo to File note, dated December 6, 2007, as produced by MRAm in the above-captioned litigations, that was marked as Exhibit 157 at the deposition of Thomas Miller on March 24, 2016.

119.    Attached as Exhibit 162 to this Declaration is a true and correct copy of an email chain, dated December 2007, between Utica and MRAm, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 162 at the deposition of Thomas Miller on March 24, 2016.

120.    Attached as Exhibit 163 to this Declaration is an email chain, dated August 14, 2008, between Kristen Martin of Utica and Thomas Miller of MRAm, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 163 at the deposition of Thomas Miller on March 24, 2016.

121.    Attached as Exhibit 166 to this Declaration is a true and correct copy of handwritten notes made by counsel for Utica, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 166 at the deposition of William Savino on March 31, 2016.

122.    Attached as Exhibit 171 to this Declaration is a true and correct copy of an email, dated December 1, 2005, from William Savino to Utica, and attaching drafts of outline Confidential Mediation Statements of Utica, as produced by Utica to R&Q Re in the Utica/R&Q

arbitration and reproduced by Utica to MRAm for purposes of this litigation, that was marked as Exhibit 171 at the deposition of William Savino on March 31, 2016.

123.    Attached as Exhibit 259 to this Declaration is a true and correct copy of a letter, dated February 20, 2004, from Ronald Robinson of Berkes to Michel Horton of Morgan Lewis, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 259 at the deposition of Ronald Robinson on April 14, 2016.

124.    Attached as Exhibit 274 to this Declaration is a true and correct copy of a letter, dated April 1, 2003, from Samuel Glover of Utica to Ronald Robinson of Berkes, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 274 at the deposition of Ronald Robinson on April 14, 2016.

125.    Attached as Exhibit 278 to this Declaration is a true and correct copy of a letter, dated September 11, 2004, from Ronald Robinson of Berkes to Morgan Lewis' offices in Los Angeles, New York and Washington, DC, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 278 at the deposition of Ronald Robinson on April 14, 2016.

126.    Attached as Exhibit 281 to this Declaration is a true and correct copy of a letter, dated January 8, 2004, from Kristen Martin of Utica to Morgan Lewis' offices in New York, and Craig Johnson of ITT/Goulds, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 281 at the deposition of Ronald Robinson on April 14, 2016.

127.    Attached as Exhibit 287 to this Declaration is a true and correct copy of Goulds' Memorandum of Points and Authorities in Support of Motion for Summary Adjudication, filed in the litigation styled *Cannon Electric, Inc. v. Affiliated FM Ins. Co.*, Superior Court of the State

of California, County of Los Angeles, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 287 at the deposition of Ronald Robinson on April 14, 2016.

128.    Attached as Exhibit 291 to this Declaration is a true and correct copy of a Declaration of Stephen J. Smirti, Jr., signed on June 7, 2006, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 291 at the deposition of Stephen Smirti, Jr. on April 18, 2016.

129.    Attached as Exhibit 316 to this Declaration is a true and correct copy of the Expert Witness Report of Constance D. O'Mara (dated December 7, 2012), retained by MRAm in connection with the above-captioned litigations.  This Exhibit was marked as Exhibit 316 at the deposition of Constance D. O'Mara on May 5, 2016.

130.    Attached as Exhibit 317 to this Declaration is a true and correct copy of the Expert Witness Report of Constance D. O'Mara (dated August 5, 2014), retained by MRAm in connection with the above-captioned litigations.  This Exhibit was marked as Exhibit 317 at the deposition of Constance D. O'Mara on May 5, 2016.

131.    Attached as Exhibit 319 to this Declaration is a true and correct copy of the Rebuttal Expert Report of Mark S. Gurevitz, retained by MRAm in connection with the above-referenced litigations.  This Exhibit was marked as Exhibit 319 at the deposition of Mark S. Gurevitz on May 6, 2016.

132.    Attached as Exhibit 323 to this Declaration is a true and correct copy of the Expert Witness Report of Daniel E. Schmidt, IV, retained by MRAm in connection with the above-referenced litigations.  This Exhibit was marked as Exhibit 323 at the deposition of Daniel E. Schmidt on May 10, 2016.

133.    Attached as Exhibit 324 to this Declaration is a true and correct copy of the

Expert Witness Rebuttal Report of Daniel E. Schmidt, IV. This Exhibit was marked as Exhibit

324 at the deposition of Daniel E. Schmidt on May 10, 2016.

134.    Attached as Exhibit 326 to this Declaration is a true and correct copy of a Court

Order and Statement of Decision of the Superior Court of California, County of Los Angeles,

filed on January 28, 2014, marked for identification at the deposition of Daniel Schmidt on May

10, 2016, and not previously produced by either party.

135.    Attached as Exhibit 342 to this Declaration is a true and correct copy of an email

chain, dated November 2, 2004, with attached spreadsheet, as produced by Utica in the above-

captioned litigations, that was marked as Exhibit 342 at the deposition of Daniel Hammond on

May 13, 2016.

136.    Attached as Exhibit 352 to this Declaration is a true and correct copy of an email

chain, dated December 2007, including emails between Utica and MRAm, as produced by Utica

in the above-referenced litigations, that was marked as Exhibit 352 at the deposition of Daniel

Hammond on May 13, 2016.

137.    Attached as Exhibit 356 to this Declaration is a true and correct copy of an email

chain, dated September 15, 2011, between Utica and MRAm, as produced by MRAm in the

above-captioned litigations, that was marked as Exhibit 356 at the deposition of Daniel

Hammond on May 13, 2016.

138.    Attached as Exhibit 357 to this Declaration is a true and correct copy of an email,

with attached letter, both dated September 16, 2011, from Utica to MRAm, as produced by

MRAm in the above-captioned litigations, that was marked as Exhibit 357 at the deposition of

Daniel Hammond on May 13, 2016.

139.     Attached as Exhibit 373 to this Declaration is a true and correct copy of the

Expert Witness Report (dated December 6, 2012) of Robert Lippincott III, retained by MRAm in

connection with the above-captioned litigations.  This Exhibit was marked as Exhibit 373 at the

deposition of Robert Lippincott III on May 17, 2016.

140.     Attached as Exhibit 382 to this Declaration is a true and correct copy of the

Confidential Mediation Statement of Goulds Pumps, Inc. and ITT Industries, Inc., December 6,

2005, as produced by Utica in the above-captioned litigations with the handwritten interlineations

made by Utica's counsel, that was marked as Exhibit 382 at the deposition of Robert Aurigema

on May 19, 2016.

141.     Attached as Exhibit 392 to this Declaration is a true and correct copy of the

Rebuttal Expert Witness Report of George J. Biehl, Jr., retained by MRAm in connection with

the above-captioned litigations.  This Exhibit was marked as Exhibit 392 at the deposition of

George J. Biehl, Jr. on May 24, 2016.

142.     Attached as Exhibit 394 to this Declaration is a copy of an umbrella policy,

effective April 1, 1978 to April 1, 1979, issued by National Union Fire Insurance Company to its

insured, that was marked for identification by Utica as Exhibit 394 at the deposition of George

Biehl on May 24, 2016, and not previously produced by either party.

143.     Attached as Exhibit 397 to this Declaration is a true and correct copy of the

Expert Report of Debra J. Roberts, retained by Utica in connection with the above-captioned

litigations. This Exhibit was marked as Exhibit 397 at the deposition of Debra J. Roberts on May 25, 2016.

144.    Attached as Exhibit 398 to this Declaration is a true and correct copy of the Supplemental and Rebuttal Expert Report of Debra J. Roberts, retained by Utica in connection with the above-captioned litigations. This Exhibit was marked as Exhibit 398 at the deposition of Debra J. Roberts on May 25, 2016.

145.    Attached as Exhibit 402 to this Declaration is a true and correct copy of the Expert Rebuttal Report of James A. Robertson, retained by MRAm in connection with the above-captioned litigations. This Exhibit was marked as Exhibit 402 at the deposition of James A. Robertson on May 26, 2016.

146.    Attached as Exhibit 409 to this Declaration is a copy of a specimen form of The Ohio Casualty Insurance Company (Rev. 6-75), that was marked for identification at the deposition of James Robertson on May 26, 2016, and not previously produced by either party.

147.    Attached as Exhibit 445 to this Declaration is a true and correct copy of an email chain, dated February 21 and February 22, 2007, with attached memorandum to Utica's Board of Directors, as produced by Utica in redacted form in the above-captioned litigations, that was marked as Exhibit 445 at the deposition of Anthony Paolozzi on June 3, 2016.

148.    Attached as Exhibit 460 to this Declaration are true and correct copies of MRAm's documents contained in its underwriting files related to the facultative certificates issued by MRAm in 1973, 1974 and 1977, as produced by MRAm in the above-captioned litigations, that was marked as Exhibit 460 at the deposition of Thomas O'Kane on June 8, 2016.

149.     Attached as Exhibit 473 to this Declaration is a true and correct copy of the Expert Witness Report of Andrew Maneval, retained by Utica in connection with the above-referenced litigations.  This Exhibit was marked as Exhibit 473 at the deposition of Andrew Maneval on June 10, 2016.

150.     Attached as Exhibit 474 to this Declaration is a true and correct copy of a grouping of documents providing evidence of the terms and conditions of a primary policy issued by Utica to Goulds, effective January 1, 1973, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 474 at the deposition of Andrew Maneval on June 10, 2016.

151.     Attached as Exhibit 475 to this Declaration is a true and correct copy of an Analysis of Utica's General Liability and Umbrella Insurance, dated June 20, 1966, as produced by Utica in the above-captioned litigations, that was marked as Exhibit 475 at the deposition of Andrew Maneval on June 10, 2016.

152.     Attached as Exhibit 476 to this Declaration is a copy of Excess Indemnity (Umbrella) specimen policy form of Aetna Casualty and Surety Company, that was marked for identification at the deposition of Andrew Maneval on June 10, 2016, and not previously produced by either party.

153.     Attached as Exhibit 477 to this Declaration is a copy of a First State Insurance Company umbrella liability policy issued to Warren Pumps, effective December 1, 1971, that was marked for identification at the deposition of Andrew Maneval on June 10, 2016, and not previously produced by either party.

154.    Attached as Exhibit 478 to this Declaration is a true and correct copy of First State Insurance Company's Reply Brief in Further Support of its Cross-Motion for Summary Judgment on Coverage Issues Related to First State's "Old Warren" Excess Policy, publicly filed in redacted form in the litigation styled *Viking Pump, Inc. and Warren Pumps LLC v. Century Indem. Co.*, C.A. No. N10C-06-141, Superior Court of the State of Delaware, New Castle County, that was marked for identification at the deposition of Andrew Maneval on June 10, 2016, and not previously produced by either party.

155.    Attached as Exhibit 479 to this Declaration is a true and correct copy of the Brief of First State Insurance Company in Opposition to Motion of Warren Pumps LLC for Summary Judgment and in Support of Cross-Motion for Summary Judgment on Coverage Issues Related to First State's "Old Warren" Excess Policy, publicly filed in redacted form in the litigation styled *Viking Pump, Inc. and Warren Pumps LLC v. Century Indem. Co.*, C.A. No. N10C-06-141, Superior Court of the State of Delaware, New Castle County, that was marked for identification at the deposition of Andrew Maneval on June 10, 2016, and not previously produced by either party.

156.    Attached as Exhibit 480 to this Declaration is a true and correct copy of the Expert Report of Dr. Peter R. Kensicki, providing expert opinion in the litigation styled *Viking Pump, Inc. and Warren Pumps LLC v. Century Indem. Co.*, C.A. No. N10C-06-141, Superior Court of the State of Delaware, New Castle County, located in the public case file, that was marked for identification at the deposition of Andrew Maneval on June 10, 2016, and not previously produced by either party.

157.   Attached as Exhibit 481 to this Declaration is a true and correct copy of the Supplemental and Rebuttal Expert Report of Andrew Maneval.  This Exhibit was marked as Exhibit 481 at the deposition of Andrew Maneval on June 10, 2016.

158.   Attached as Exhibit 483 to this Declaration is a true and correct copy of the Expert Witness Report of Paul Feldsher, retained by Utica in connection with the above-captioned litigations.  This Exhibit was marked as Exhibit 483 at the deposition of Paul Feldsher on June 17, 2016.

159.   Attached as Exhibit 487 to this Declaration is a true and correct copy of the Supplemental Expert Witness Report of Paul Feldsher.  This Exhibit was marked as Exhibit 487 at the deposition of Paul Feldsher on June 17, 2016.

160.   Attached as Exhibit 488 to this Declaration is a true and correct copy of an email, dated December 7, 2007, with attachments, from Kristen Martin of Utica to Thomas Miller of MRAm, as produced by MRAm in the above-captioned litigations, that was marked as Exhibit 488 at the deposition of Paul Feldsher on December 7, 2007.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 27, 2016.

CRYSTAL MONAHAN